UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

BRENT D MASON     CIVIL ACTION NO. 23-cv-863

VERSUS     JUDGE DONALD E. WALTER

CITY OF SHREVEPORT     MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

Brent D. Mason ("Plaintiff"), who is self-represented, filed this civil action in 2023 against the City of Shreveport. He alleges that he was employed as a lieutenant with the Shreveport Police Department but was fired in December 2020 "over my opinion on my personal Facebook page about the George Floyd's arrest." Plaintiff alleges that city officials harassed him, city attorney Nikki Buckle used threats and intimidation to force him to resign, and that his rights under the Louisiana Law Enforcement Bill of Rights were violated during Civil Service Board proceedings. Plaintiff alleges that he filed two appeals to the state district court, but the court ruled for the city. Plaintiff states that he is pleading to this court for justice. For the reasons that follow, Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction.

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 114 S. Ct. 1673, 1675 (1994). "They possess only that power authorized by Constitution and statute." Id. There is a presumption that a suit lies outside that limited jurisdiction. Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001). The burden

of establishing grounds for jurisdiction rests on the party who seeks the federal forum. Settlement Funding, LLC v. Rapid Settlements, Limited, 851 F.3d 530, 537 (5th Cir. 2017).

A common basis for asserting state law claims in federal court is when the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Plaintiff lists his address as being in Shreveport, Louisiana, and there is no indication that he is a citizen of any other state. Thus, there is no diversity of citizenship between Plaintiff and the City of Shreveport, which shares his Louisiana citizenship, so Section 1332 does not provide jurisdiction to hear Plaintiff's state law claims. In the alternative, any state law claims associated with Plaintiff's termination in December of 2020 are likely time-barred under the one-year limitations period that Louisiana applies to delictual actions. La. Civ. Code art. 3492.

Another possible basis to invoke federal court jurisdiction is the assertion of a claim based on federal law. 28 U.S.C. § 1331. Plaintiff's complaint does not invoke any federal law. Rather, he refers to the Louisiana Law Enforcement Bill of Rights, implies a possible defamation claim ("smeared my good name"), and complains that the Civil Service Board violated its own procedural rules and other state laws.

Plaintiff did file his complaint on a form provided by the court for the assertion of federal employment discrimination claims, but his allegations do not assert any such claim. Plaintiff also checked a box to indicate that he did not file a charge of discrimination with the EEOC, which is a prerequisite to filing suit on most federal employment discrimination claims. Plaintiff's complaint has not invoked any federal laws or asserted claims that

would appear to state a colorable claim under any federal statutes. Accordingly, there is no basis for the exercise of federal questions jurisdiction under Section 1331.

The federal court also has no jurisdiction to review the decisions of the Civil Service Board. Plaintiff states that he appealed the decision to the state district court. If Plaintiff was dissatisfied with that decision, Louisiana law provided an appellate process within the state court system. See City of Shreveport v. Shreveport Municipal Fire and Police Civil Service Board, 342 So.3d 1129 (La. App. 2d Cir. 2022). The federal court does not have jurisdiction to review civil service board decisions, and a plaintiff is barred by the Rooker-Feldman doctrine from inviting a federal district court to review final state court judgments. Mills v. City of Shreveport, 2019 WL 2579158, *10 (W.D. La. 2019) (Doughty, J.) (court lacked jurisdiction to review Caddo District Court's ruling regarding an appeal from a civil service board).

The federal courts have limited jurisdiction and may hear only those cases for which the Constitution or a statute has granted them authority. None of the claims asserted by Plaintiff fit within the bounds of that jurisdiction. To the extent Plaintiff has any timely claims, he will need to assert them in the appropriate state court.

Accordingly,

It is recommended that Plaintiff's complaint be dismissed without prejudice for lack of subject matter jurisdiction.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and

recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 28th day of June, 2023.

_____
Mark L. Hornsby
U.S. Magistrate Judge